UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVAN SINGLETON and<br>VITO LOGRASSO individually<br>and on behalf of all others similarly situated,<br><br>v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC. | CIVIL ACTION NO.<br><br>3:15-cv-00425-VLB<br><br><br><br>May 8, 2015 |

## REPORT OF RULE 26(f) PLANNING MEETING

The plaintiffs Evan Singleton and Vito LoGrasso ("Plaintiffs"), and the defendant World Wrestling Entertainment, Inc. hereby submit the report of their Rule 26(f) Planning Meeting.

Date Complaint Filed: January 16, 2015.

Date Complaint Served: January 29, 2015.

Date of Transfer: March 23, 2015.

Date of Appearances: For the Plaintiffs: William M. Bloss, April 14, 2015, Charles LaDuca, April 24, 2015, Benjamin Elga, March 29, 2015, Erica Mirabella and Konstantine Kyros, May 1, 2015, Robert Shelquist May 4, 2015.

For the Defendant: Jeffrey Mueller, Jonathan B. Tropp, and Thomas D. Goldberg, March 27, 2015, Jerry S. McDevitt, Stefanie M. Lacy, and Curtis B. Krasik, March 30, 2015, Terry Budd, March 31, 2015.

1

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, conferences were held on May 6 and May 7, 2015. The participants were for the Plaintiffs, William Bloss, Konstantine Kyros, and Benjamin Elga, and for the Defendant, Jeffrey Mueller, Jonathan Tropp, Jerry McDevitt, and Curtis Krasik.

## I. CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their client, have developed the following proposed case management plan. Counsel further certify that they will forward a copy of the Court's order to their clients.

## II. JURISDICTION

### A. Subject Matter Jurisdiction

Jurisdiction exists pursuant to 28 U.S.C. §1332.

### B. Personal Jurisdiction

Defendants do not contest personal jurisdiction.

## III. BRIEF DESCRIPTION OF CASE

### Plaintiffs' Statement

This class action concerns WWE's tortious conduct towards wrestlers, including its concealment and denial of medical research and evidence concerning brain injuries, its negligent or intentional provision of inadequate

2

medical treatment of wrestlers, and its intentional heightening of violence in wrestling matches, making serious injury a near-certainty. As a result of WWE's conduct, Plaintiffs have suffered traumatic brain injuries. As a result of WWE's conduct, they have not received proper care for these injuries. Consequently, these wrestlers now suffer from degenerative, latent, and often permanent, neurological harm.

Plaintiff seeks a declaration of liability, injunctive relief, medical monitoring, and financial compensation for the long-term chronic injuries, financial losses, expenses, and intangible losses suffered by the Plaintiff as a result of WWE's willful, wanton, reckless, and grossly negligent conduct, which resulted in its wrestlers suffering brain trauma, concussions, and other related injuries.

Among the issues to be decided at trial are: whether Defendant breached its duty to warn the Class about brain trauma and/ or concussions; whether Defendant's breaches caused injuries to Plaintiffs and the Class; whether Defendant concealed or misrepresented vital health related information from the Plaintiffs and the members of the Class, medical professionals and its fans; whether Defendant knew that the Class sustained brain trauma or concussions; whether Defendant's rule-making decisions and investigations promoted wrestlers' safety; whether Defendant promoted violent behaviors which led to the injuries alleged herein; and, what relief the Plaintiffs and the members of the

**Class are entitled to.**

**Defendant's Statement**

**Defendant denies any liability on any of Plaintiffs' claims. Plaintiffs complain about injuries they allegedly sustained long ago from voluntarily participating in activities with a clear known risk of injury. In these circumstances, WWE did not breach any legal duty as alleged by Plaintiffs. Moreover, Plaintiff LoGrassso's claims in their entirety and most of the claims of the putative plaintiff class are time-barred on their face under the applicable statutes of limitations/repose. Additionally, the publicly-available medical research regarding traumatic brain injuries that WWE allegedly concealed underlying Plaintiff's claims was recently described by another federal court judge as follows: "The study of CTE is nascent, and the symptoms of the disease, if any, are unknown" and "[T]he speculation that repeated concussion or subconcussive impacts cause CTE remains unproven." It was not negligent, much less fraudulent, for WWE not to warn Plaintiffs of such "speculation." In any event, this alleged medical research is publicly-available and therefore could not have been concealed by WWE. Still further, to the extent either plaintiff has any viable claims, they should be pursued individually and not as part of a putative class action when the injuries are, by their very nature, personal.**

**Defendant has been advised that Plaintiffs intend to file an amended complaint. Defendant reserves its right to assert any and all defenses in**

response to claims made in the amended complaint.

IV. **STATEMENT OF UNDISPUTED FACTS**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties are not able to enter into such a stipulation at this time.

V. **CASE MANAGEMENT PLAN**

A. **Standing Order on Scheduling in Civil Cases**

The parties request a modification of the deadlines in the Standing Order on Scheduling in Civil Cases.

B. **Scheduling Conferences with the Court**

**Plaintiffs' Position**

Plaintiffs do not object to Defendant's request for a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b) but leave it to the Court's discretion. Plaintiffs believe that the Court should enter an order with the following dates, without prejudice to plaintiffs or defendant seeking an amendment of these dates, under circumstances then presented, and without prejudice to defendant seeking whatever relief from the Court's order would be appropriate.

**Defendant's Position**

Defendant requests a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). For the reasons set forth

below, Defendant believes that discovery in this case should be stayed until the disposition of Defendants' motion to dismiss the amended complaint that Defendant intends to file on or before June 22, 2015.  In addition, Plaintiffs have stated for the first time in this report that they are considering whether to withdraw their class action allegations in the amended complaint.  This statement further demonstrates the need for an immediate pretrial conference with the Court because the nature and timing of discovery in this case will be affected by whether the amended complaint includes class action allegations and because court approval is necessary if Plaintiffs intend to withdraw such allegations.

      C.      **Early Settlement Conference**

      1.      The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time.

      2.      The parties do not request an early settlement conference.

      3.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36, at this time.

      D.      **Joinder of Parties, Amendment of Pleadings and Pending Motions**

      1.      Plaintiffs should be allowed until May 22, 2015 to file motions to join additional parties and to amend the complaint.

      2.      Defendant should be allowed until June 22, 2015 to respond to any amended complaint filed by Plaintiffs and to join additional parties.

**E.   Discovery**

1. Plaintiff contends that discovery will be needed on the issues of liability and damages. Defendant contends that the specific issues on which discovery will be needed cannot reasonably be identified at this time for the reasons described below.

2. The parties should, absent further order of the Court, submit initial disclosures pursuant to Fed. R. Civ. Pro. 26(a) by July 31, 2015.

3. Absent further order of the Court, discovery should commence on July 30, 2015.

**Plaintiffs' Position On Discovery**

1. Plaintiffs believe that Defendant's position on discovery, as set forth below, contained factual errors and misstatements with respect to the procedural history of this case. Further, it contains statements that are irrelevant and immaterial to the issue of a scheduling order in this case. However, plaintiffs do not intend to respond to each statement or assertion as they do not need to be responded to in this context.

2. The parties should, absent further order of the Court, complete discovery by September 30, 2016.

3. Discovery should not be conducted in phases.

4. The claims raised in the complaint clearly identify issues that will require discovery, and there is no valid reason to indefinitely postpone all

discovery as defendants propose, which will only delay the ultimate disposition of the case. Any claims in an amended complaint will not be so different that the scope of discovery is impossible to anticipate at this time. The plaintiffs' proposed amended complaint, to be filed in two weeks, is well within the standard timelines in this district and will cause no unfair prejudice to defendant. Further, counsel for plaintiffs are considering whether to include class allegations in an amended complaint. If a motion for class certification is filed consistent with the deadlines in the standing order on deadlines, then the Court may wish to consider appropriate scheduling at that time. Plaintiffs would not object to the Court deferring entry of a scheduling order until after the filing of an amended complaint on or before May 22, 2015.

5. It appears likely at this time that plaintiffs will require a total of approximately 20 depositions of fact witnesses and that defendants will require a total of approximately 20 depositions of fact witnesses. This may need to be modified as discovery proceeds.

6. The parties may request permission to serve more than twenty-five (25) interrogatories, if necessary.

7. Plaintiffs intend to call expert witnesses at trial. Absent further order of the Court, plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by February 28, 2016, and depositions of any such expert shall be

completed by April 30, 2016.

7. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by May 15, 2016. Depositions of any such expert shall be completed by July 15, 2016.

8. Plaintiffs will designate any rebuttal experts by August 30, 2016.

9. Plaintiffs will provide a damage analysis by December 1, 2015.

**Defendant's Position On Discovery**

Defendant proposes that all discovery deadlines be stayed until the disposition of Defendant's motion to dismiss the amended complaint. Discovery should be stayed in order to avoid substantial costs and expenses that would be unnecessary if the Court dismisses the case in its entirety. Additionally, Defendant contends that there are numerous complexities that have been created by the tactical decisions of Plaintiffs' counsel, which make it impractical to reasonably frame a discovery plan at this time.

First, despite defense counsel's prior attempts to schedule the Rule 26(f) conference, Plaintiffs' counsel first communicated with defense counsel regarding the Rule 26(f) conference on May 5, 2015. Plaintiffs' counsel then advised for the first time in the parties' conference on May 6, 2015 that they intend to file an amended complaint on or before May 22, 2015. Consequently,

9

**Defendant does not know at this time the parties or claims that ultimately will be involved in this case or whether any claims will remain following the disposition of its motion to dismiss the amended complaint.**

**Second, this case is only one of a series of putative class actions filed by counsel for Plaintiffs asserting nearly identical claims against Defendant in various jurisdictions across the country in violation of forum-selection clauses that require that the actions be brought in the District of Connecticut.**

**This case was originally filed in the Eastern District of Pennsylvania. On March 23, 2015, the Court in the Eastern District of Pennsylvania granted Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) Due to the Forum-Selection Clauses in the Contracts Between the Parties and transferred this case to the United States District Court for the District of Connecticut.**

**After this case was transferred to this Court, on April 9, 2015, counsel for Plaintiffs caused a nearly identical putative class action to be filed against Defendant in the Central District of California again in violation of the forum-selection clauses in the contracts between the parties. On or before May 15, 2015, Defendant will be moving to once more enforce the forum selection clauses and transfer that case to the District of Connecticut.**

**Counsel for Plaintiffs also caused a similar action to be filed against Defendant pending in the Middle District of Tennessee again in violation of the forum-selection clauses in the contracts between the parties. On March 27, 2015,**

Defendant filed a motion to transfer that case to the District of Connecticut, which has been briefed and is pending before the Court.

Counsel for Plaintiffs also filed a similar putative class action against Defendant in the District of Oregon on behalf of a performer who last worked for WWE in 1988. On March 1, 2015, Defendant filed a motion to dismiss that case on multiple grounds, including that the claims are legally insufficient and barred by the applicable statutes of limitations and repose. Defendant further requested that any remaining claims be transferred to the District of Connecticut.

The fact that additional and related actions may be transferred and consolidated with this case provides a further basis for staying discovery until dispositive motions are decided. As circumstances now stand, Defendant does not know the ultimate contours of this case, the ultimate parties in this case, or the ultimate claims that will asserted in this case. As a result, Defendant does not know the proper scope of discovery in order to reasonably frame a discovery plan. Within approximately sixty (60) days, the parties will know which, if any, of the related cases will be transferred to this Court. Thus, after the Court issues a ruling on Defendant's motion to dismiss the amended complaint, the parties would be able to meaningfully confer and prepare a realistic case management and discovery plan in view of the claims that remain in the case at that time. The relevant case deadlines and the nature of the discovery required will depend on the scope of any action that remains following the Court's ruling on the motion to

dismiss and any related cases that may be transferred to this Court. These are the reasons underlying the parties' joint motion to modify case scheduling deadlines that requested, among other things, a stay of the parties' Rule 26(f) obligations until after the Court's disposition of Defendant's motion to dismiss the amended complaint.

In the event that the Court is not inclined to stay discovery until the disposition of Defendant's motion to dismiss the amended complaint,[1] based on the fact that this action is pled as a putative class action, Defendant proposes that discovery be bifurcated and proceed in two phases. The first phase of discovery would be limited to class certification issues. Discovery during this first phase should not cover issues relating to the merits of the claims asserted by Plaintiffs or the putative class. The scope of the second phase would depend upon the Court's ruling on class certification. If class certification is denied, the parties would conduct discovery on the merits of the Plaintiffs' claims. If class certification is granted and a class is certified, the parties would then conduct discovery on issues relating to class notice and the merits of the class claims.

Defendant's proposed phased discovery would serve the ends of judicial economy and efficiency and permit the Court to determine "at an early practicable time" whether Plaintiff's class claims satisfy the standards under Rule

---

[1] If necessary, Defendant will file a formal motion to stay discovery after it moves to dismiss.

23 of the Federal Rules of Civil Procedure and are appropriate for class treatment. *See* Manual for Complex Litigation (Fourth) § 21.14 ("Courts often bifurcate discovery between certification issues and those related to the merits of the allegations."); 5-23 MOORE'S FEDERAL PRACTICE § 23.85[3] (Matthew Bender 3d ed.) ("[O]ften, district courts will attempt to limit precertification discovery to class certification issues, and will postpone discovery on the merits of the action until after the certification decision.").

Accordingly, Defendant requests that the Court order that discovery be bifurcated and set the following schedule:

(a) Defendant proposes that phase one fact discovery be completed within eight months of the Rule 16 scheduling conference that the parties have jointly requested (or eight months after the discovery stay is lifted, if the Court stays discovery pending disposition of Defendant's motion to dismiss).

(b) Plaintiffs shall disclose their expert(s) for class certification and submit expert reports no later than thirty (30) days after the close of phase one fact discovery. Defendant shall disclose its rebuttal expert(s) for class certification and submit expert reports no later than forty-five (45) days after Plaintiffs' disclosure of their expert(s) for class certification and submission of expert reports. Expert depositions, if any, and all phase one expert discovery shall be completed within thirty (30) days after Defendant's disclosure of rebuttal expert(s) for class certification and submission of expert reports.

**(c) At the close of phase one fact and expert discovery, Defendant proposes that the Court schedule a further case management conference at which, among other things, the Court will (i) set a briefing schedule for any motion for class certification that Plaintiffs may file and (ii) schedule a class certification hearing.**

**(d) Within fourteen (14) days after the Court issues a decision on class certification, the parties shall submit a further joint case management scheduling order and discovery schedule. The further joint case management scheduling order and discovery schedule will address all potential phase two discovery, the briefing of dispositive motions, further Court case management conferences, and any other issues remaining in the action after resolution of the class certification issues. Defendant cannot anticipate or estimate realistic deadlines for post-certification events prior to resolution of any class certification issues as the resolution of such issues necessarily affects the future progress of the litigation, the phase two discovery that may be required, and the time necessary to bring the litigation to a final disposition.**

**Defendant disagrees with Plaintiffs' position regarding the number of interrogatories and number of depositions needed in this case. Due to the uncertainties described above, Defendant reserves the right to seek to modify the limitations of the Federal Rules of Civil Procedure on interrogatories and**

depositions, if necessary, at a later date.

### Electronically Stored Information

Undersigned counsel have discussed the disclosure and preservation of electronically stored information and will work cooperatively to prepare a plan for the preservation and discovery of electronic-stored information.

### Privilege Issues

Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection. The parties will rely on the protections set forth in Paragraph 18 of the Standing Protective Order in this case.

F.  **Dispositive Motions**

**Plaintiffs' Position**

Dispositive motions may be submitted any time, but no later than September 30, 2016.

**Defendant's Position**

This is addressed in Defendant's position on discovery above.

G.  **Joint Trial Memorandum**

The parties propose that the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed one month after the later of the Court's ruling on a motion for summary judgment, if any, or one month after the expiration of the deadline for filing dispositive motions.

## VI. TRIAL READINESS

The parties state that this case will be ready for trial two months after the later of the Court's ruling on any dispositive motions, if any, or the expiration of the deadline for filing dispositive motions.

As officers of the Court, the undersigned counsel agree to cooperate with opposing counsel and the Court to promote the just, speedy and inexpensive determination of this action.

| PLAINTIFFS EVAN SINGLETON and VITO LOGRASSO, | DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC., |
|---|---|
| By: __/s/ William M. Bloss__<br>**William M. Bloss (ct01008)**<br>**KOSKOFF, KOSKOFF & BIEDER**<br>350 Fairfield Avenue<br>Bridgeport, CT 06604<br>Telephone: 203-336-4421<br>Facsimile: 203-368-3244<br>bbloss@koskoff.com | By: __/s/ Jerry S. McDevitt__<br>**Jerry S. McDevitt (*pro hac vice*)**<br>**Terry Budd (*pro hac vice*)**<br>**Curtis B. Krasik (*pro hac vice*)**<br>**K&L GATES LLP**<br>K&L Gates Center<br>210 Sixth Avenue<br>Pittsburgh, PA 15222<br>Phone: (412) 355-6500<br>Fax: (412) 355-6501<br>Email: jerry.mcdevitt@klgates.com<br>Email: terry.budd@klgates.com<br>Email: curtis.krasik@klgates.com |
| **Konstantine W. Kyros, Esq.**<br>**KYROS LAW OFFICES**<br>17 Miles Road<br>Hingham, MA 02043<br>Telephone: 800-934-2921<br>Facsimile: 617-583-1905<br>kon@kyroslaw.com | |
| **Erica C. Mirabella, Esq.**<br>**MIRABELLA LAW, LLC**<br>132 Boylston Street, 5th Floor<br>Boston, MA 02116<br>Telephone: 617-580-8270<br>Facsimile: 617-583-1905<br>eica@mirabellaLLC.com | **Thomas D. Goldberg (ct04386)**<br>**Jonathan B. Tropp (ct11295)**<br>**Jeffrey P. Mueller (ct27870)**<br>**DAY PITNEY LLP**<br>242 Trumbull Street<br>Hartford, CT 06103<br>Phone: (860) 275-0100<br>Fax: (860) 275-0343<br>Email: tgoldberg@daypitney.com<br>Email: jbtropp@daypitney.com |

**Charles J. LaDuca**  
**CUNEO GILBERT & LADUCA, LLP**  
**8120 Woodmont Avenue, Suite 810**  
**Bethesda, MD 20814**  
**Telephone:202-789-3960**  
**Facismile: 202-789-1813**  
**charles@cuneolaw.com**

**Their Attorneys**

**Email: jmueller@daypitney.com**

**Its Attorneys**

## CERTIFICATION

      **I hereby certify that on this date a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.**

      */s/ Jeffrey P. Mueller*
      **Jeffrey P. Mueller (ct27870)**